The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, AR 72018-1998
Dear Senator Webb:
This is in response to your request for an opinion concerning the use of city advertising and promotion funds pursuant to the Advertising and Promotion Commission Act, A.C.A. § 26-75-601 et seq. (Repl. 1997). Specifically, you have presented the following question:
 Can a city of the first class use proceeds from a tax authorized by A.C.A. § 26-75-602 to finance the construction of a park facility and water reservoir, with such reservoir serving as a reserve drinking water supply and fishing facility?
A conclusive determination to your question would require consideration of the particular facts and circumstances surrounding the construction of the park facility and water reservoir.
Arkansas Code Annotated § 26-75-606(c)(1) provides that "[a]ll local taxes levied as authorized in § 26-75-602(a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section." Subsection (b)(2) of § 26-75-606 provides:
 Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city, including but not limited to facilities constituting city parks, and also for the payment of the principal of, interest on, and fees and expenses in connection with, bonds, as provided in this subchapter, in the manner as shall be determined by the city advertising and promotion commission for the purpose of such payment.
(Emphasis supplied.) It should, however, be noted that A.C.A. §26-75-606(c)(2) provides in part that such revenues may not be used for general capital improvements within the city or for the costs associated with the general operation of the city.
The construction of a public recreation facility, including a city park, in a city is an expressly authorized use of advertising and promotion funds. A.C.A. § 26-75-606(b)(2); see also Op. Att'y Gen. 89-211. The question of whether a particular facility constitutes a public recreation facility is, however, a question of fact. This type of factual inquiry is not properly within the scope of an Attorney General opinion, but rather must be addressed by a fact finder. A city's advertising and promotion commission is the body that determines the uses of the advertising and promotion tax. A.C.A. § 26-75-606(a)(2); Op. Att'y Gen. 97-259. Further, this office has previously opined that a decision made by the commission pursuant to this explicitly-granted authority will be accorded considerable weight if challenged. See Ops. Att'y Gen. 96-383, 96-050, and 92-064. Nevertheless, the question can be conclusively resolved only by a court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General